

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ASHLEY BURKE, *individually and on behalf of a class of similarly situated persons*, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Serve: Brian P. Brooks, General Counsel <br> 3900 Wisconsin Avenue, NW <br> Washington, D.C., 20016 <br><br> Defendant. | Civil Action No. 3:16cv153 |

## COMPLAINT

COMES NOW the Plaintiff, *individually and on behalf of a class of similarly situated persons*, by counsel, and for her Complaint against the Defendant, she alleges as follows:

### PRELIMINARY STATEMENT

1. Because of Congress' concern with a consumer's privacy, credit reports can only be disseminated or obtained for certain purposes as established in Section 1681b of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* Section 1681b establishes the all-inclusive purposes under which a consumer reporting agency may furnish consumer reports and, in turn, the specific purposes for which a user may obtain a report and "no other." 15 U.S.C. § 1681b(a)(3).

2. Among those permissible purposes, the FCRA provides that a user may obtain a report for "review" purposes, *i.e.*, "where the creditor has an existing account relationship with the consumer *and* uses the report solely to decide whether to modify the terms of the account." Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff

1

Report with Summary of Interpretations, July 2011, at 13-14 (emphasis in original); *see also* S. Rep. No. 104-185 at 35 (1995) ("[t]he permissible purpose created by this provision, however, is limited to an account review for the purpose of deciding whether to retain or modify current account terms.").

3. This class action challenges the policy and procedure of Defendant Federal National Mortgage Corporation. ("Fannie Mae"). On multiple occasions, Fannie Mae unlawfully obtained Plaintiff's credit report under the false pretense of an "account review" purpose even though Plaintiff had no account with Fannie Mae, and any previous mortgage relationship Plaintiff had ceased due to Plaintiff's filing of a bankruptcy. This case seeks class-wide relief for Fannie Mae's illegal acquisition of consumer reports in violation of § 1681b of the FCRA.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this Division and significant part of the Plaintiff's claims occurred in Virginia.

## PARTIES

5. Plaintiff Ashley Burke ("Ms. Burke") is a natural person who resides in the Richmond Division of Virginia. Ms. Burke is a consumer as defined by § 1681a(c).

6. Defendant Federal National Mortgage Corporation ("Fannie Mae") is a foreign corporation doing business in Virginia.

## FACTS

7. In April 2015, Plaintiff received a Chapter 13 bankruptcy discharge from the United States Bankruptcy Court for the Eastern District of Virginia. This discharge included any and all mortgage debts that Plaintiff had at the time.

8. Thus, as a result of her bankruptcy, Plaintiff's mortgage debt was discharged. Following the discharge, it was unlawful for Defendant to take any action to collect upon or report any amounts related to the mortgage obligation.

9. After Plaintiff obtained the discharge, she obtained a copy of her credit report from Equifax and learned that Fannie Mae impermissibly obtained her credit report on multiple occasions, including on October 20, 2015 and January 19, 2016.

10. As reflected by the "inquiries" section of Plaintiff's credit report with Equifax, Fannie Mae obtained Plaintiff's credit report for "account review" purposes. Fannie Mae falsely asserted this purpose to Equifax even though her credit report demonstrated that there was no account or mortgage with Fannie Mae.

11. As part of this process, Fannie Mae made a general or specific certification to Equifax that Fannie Mae sought the information to review an account to determine whether Plaintiff continued to meet the terms of her account.

12. Equifax defines an account review purpose as inquiries indicating "a periodic review of your credit history by one of your creditors."

13. Plaintiff vacated the property that was subject to the mortgage in June 2013.

14. Shortly after Plaintiff relinquished possession of the property, Fannie Mae or its servicing agent secured the property, including changing the locks.

15. Since Plaintiff obtained her bankruptcy discharge, the property has been listed for sale with a real estate agent who advertises that the property is for sale by Fannie Mae.

16. Because of her bankruptcy discharge, Fannie Mae had actual knowledge that it did not have a permissible purpose to obtain credit information concerning Plaintiff for the purpose of an account review. In addition, despite what it asserted to Equifax, Fannie Mae did not in fact

3

obtain Plaintiff's credit report information for the purpose of a conducting an account review. Rather, whatever Fannie Mae's purpose was in obtaining Plaintiff's credit report information, it was not in form or substance one of the permissible purposes outlined in FCRA section 1681b.

17. Upon information and belief, as a matter of common practice, Fannie Mae obtains consumer reports on consumers for account review purposes even though its relationship with the consumer terminated.

18. The Supreme Court defined willfulness under the FCRA "as conduct of an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should have been known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007).

19. Fannie Mae ran a risk of harm that was either known or so obvious it should have been known.

20. For example, Fannie Mae had clear notice of § 1681b requirements through the Federal Trade Commission's ("FTC") Staff Report published in July 2011. Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretations, July 2011, at 13-14.

21. Fannie Mae's conduct ignores the FTC's clear guidance that a user may only obtain a consumer report for account review purposes when the user: (1) "has an existing account relationship with the consumer;" *and* (2) "uses the report solely to decide whether to modify the terms of the account." *Id*.

22. In this instance, Fannie Mae did not have an existing account relationship with Plaintiff after her bankruptcy; and, it could not have possibly obtained the report to decide whether to modify the terms of the account.

23. Upon information and belief, as a matter of company policy, Fannie Mae obtained consumer reports after its account relationships terminated, including but not limited to circumstances where: (1) the debt on the account had been discharged in bankruptcy; (2) the account was closed with a zero balance; (3) the account had been sold or transferred to a third party; and (4) Fannie Mae had foreclosed or sold the property through a short sale or deed in lieu of foreclosure.

24. Fannie Mae knew or should have known that its policy violated § 1681b(f) of the FCRA, yet it adopted an objectively unreasonable interpretation of § 1681b(f). In doing so, Fannie Mae willfully violated the FCRA.

25. As a result of Defendant's conduct, the consumer class members such as Plaintiff have suffered concrete injuries. In addition to having their privacy invaded and informational injuries, consumer class members have had their personal identifying and account-related information unnecessarily disseminated to the Defendant, and, upon information and belief, to its related information-sharing affiliates. Defendant has subjected consumer class members to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. §§ 1681b(f)
## CLASS CLAIM

26. Plaintiff incorporates the previous allegations above as if set forth herein in full.

27. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for herself and on behalf of a class initially defined as follow:

All natural persons: (a) whose consumer report were obtained by Fannie Mae after March 11, 2011; (b) for an account review purpose; and (c) where Fannie Mae's

records note that the account relationship had terminated because: (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; (iii) the account had been sold or transferred to a third party; or (iv) Fannie Mae had foreclosed or sold the property through a short sale or deed in lieu of foreclosure.

Plaintiff is a member of this class.

28. **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Fannie Mae and the class members may be notified of the pendency of this action by published and/or mailed notice.

29. **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) whether Fannie Mae had a permissible purpose to obtain the Plaintiff and putative class members' consumer reports; (b.) whether Fannie Mae's violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and the putative class members; and (c.) what is the appropriate amount of statutory and punitive damages for each violation.

30. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff, as well as every punitive class member, allege violations of the same FCRA provisions, 15 U.S.C. § 1681b(f). This claim challenges Fannie Mae's uniform procedures of obtaining consumer reports after its account relationship. In addition, Plaintiff is

entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

31. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

32. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the class members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Fannie Mae's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

33. Fannie Mae violated § 1681b(f) of the FCRA as to the Plaintiff and putative class members by obtaining their consumer reports for an account review purpose after their account relationship terminated.

34. These ongoing intrusions were either intentional, or Fannie Mae cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Fannie Mae liable pursuant to 15 U.S.C. § 1681n.

35. Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from Fannie Mae in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, the Plaintiff moves for class certification and for judgment against the Defendant, individually as alleged for actual and/or statutory damages and punitive damages, as a class as alleged for statutory and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ASHLEY BURKE**

By: _____
Counsel

Kristi Cahoon Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

**FRANCIS & MAILMAN, P.C.**
JAMES A. FRANCIS (*pro hac vice forthcoming*)
JOHN SOUMILAS (*pro hac vice forthcoming*)
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com

*Counsel for Plaintiff*