IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ASHLEY BURKE, individually and )
on behalf of a class of similarly )
situated persons, )
)
              Plaintiff, )
)
v. )    Civil Action No. 3:16cv153–HEH
)
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
)
             Defendant. )

## MEMORANDUM OPINION
(Denying Motion to Intervene)

THIS MATTER is before the Court on a Motion to Intervene (ECF No. 59), filed on September 2, 2016, through which the Federal Housing Finance Agency (the "FHFA" or "movant") seeks to intervene as a defendant in the above-captioned matter. For the reasons stated herein, the Motion will be denied.

### I.    BACKGROUND

Plaintiff Ashley Burke ("Plaintiff") filed a Complaint on behalf of herself and a putative class of similarly situated persons on March 11, 2016, alleging that the Federal National Mortgage Association ("Defendant") violated her rights under the Fair Credit Reporting Act by unlawfully obtaining her credit report under the false pretense of an "account review," even though no account existed. (Compl. ¶ 3.) In claiming that Defendant violated 15 U.S.C. § 1681b(f), she contends that her privacy was invaded and that she was placed at an increased risk of identity theft and/or a data breach, resulting in

1

anxiety and emotional distress. (Compl. ¶¶ 24–25.) Plaintiff seeks, *inter alia*, class certification, "actual and/or statutory damages and punitive damages," and attorney's fees and costs. (Compl. ¶ 35.)

Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on June 27, 2016. (ECF No. 30.) On August 9, 2016, the Court issued a Memorandum Opinion and an accompanying Order (ECF Nos. 57, 58) denying Defendant's Motion. Nearly one month later, on September 2, 2016, the FHFA filed its Motion to Intervene.[1] (ECF No. 59.) Plaintiff filed her Memorandum in Opposition to the FHFA's Motion to Intervene on September 16, 2016. (ECF No. 68). And the movant filed its Reply on September 22, 2016. (ECF No. 72.)

Congress established the FHFA as the primary regulatory and oversight authority of the Defendant through the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654. On September 6, 2008, pursuant to HERA, 12 U.S.C. § 4617(a), the FHFA's director placed the Defendant into a conservatorship. In doing so, the FHFA succeeded to "all rights, titles, powers, and privileges" of the Defendant and its respective stockholders, boards of directors, and officers. 12 U.S.C. § 4617(b)(2)(A)(i).

As Conservator, the FHFA is authorized to participate in litigation involving the Defendant and is empowered to "take such action as may be . . . appropriate to . . . preserve and conserve the assets and property of [the Defendant]." 12 U.S.C. §

---

[1] The movant claims that it informed Plaintiff's counsel of its intent to intervene on August 26, 2016, requesting her consent. (Reply in Supp. of Mot. to Intervene 6 n.3.) Plaintiff allegedly did not provide a substantive response until one week later, on September 2, 2016, when the FHFA filed its Motion. (Reply in Supp. of Mot. to Intervene 6 n.3.)

2

4617(b)(2)(B)(ii). Further, HERA provides that "no court may take any action to restrain or affect the exercise of powers or functions of the [FHFA] as conservator . . . ." 12 U.S.C. § 4617(f).[2]

In this capacity, the FHFA now seeks to intervene in this suit, two months before the scheduled trial date of December 5, 2016. (ECF No. 34.)

## II. MOTION TO INTERVENE

Federal Rule of Civil Procedure 24 offers two avenues for intervention into a lawsuit by a non-party movant—intervention as of right and permissive intervention. A movant may intervene as of right "[o]n timely motion" if it has been "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Additionally, the Court must permit anyone to intervene who, "[o]n a timely motion," asserts "an interest relating to the property or transaction that is the subject of the action" such that "disposing of the action . . . as a practical matter impair[s] or impede[s] the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Alternatively, at its discretion, the Court may permit intervention "[o]n timely motion" by a movant showing "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In determining whether to permit intervention, the Court must also consider delay or prejudice to the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

---

[2] *See In re Fed. Home Loan Mortg. Corp. Derivative Litig.*, 643 F. Supp. 2d 790, 799 (E.D. Va. 2009) (citing *Chemical Futures & Options, Inc. v. Resolution Trust Corp.*, 832 F. Supp. 1188, 1192-93 (N.D. Ill. 1993) (internal citation omitted) (holding that this type of provision "does not elevate the [conservator] to the position of a sacred cow which may graze upon the rights of others at will, unchecked by the courts")).

3

The FHFA asserts that it should be granted intervention as of right under Rules 24(a)(1)[3] and 24(a)(2), or, alternatively, it seeks permissive intervention under Rule 24(b)(1). (Mem. in Supp. of Mot. to Intervene 2.) In her Memorandum in Opposition, Plaintiff "does not contest the FHFA's assertion that it may intervene as a matter of right;" rather, she contends that the Motion to Intervene is untimely. (Mem. in Opp'n to Mot. for Intervention 4.) As there appears to be no genuine dispute between the parties regarding the FHFA's right to intervene in this case as a matter of law, the Court will focus its analysis on Rule 24's threshold requirement that motions for intervention be "timely" filed.

### III. LEGAL FRAMEWORK

When assessing the timeliness of a motion to intervene under Rule 24, the Court "is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

Beyond merely considering the factors articulated in *Alt*, the Fourth Circuit has noted the importance of this threshold requirement of timeliness and has emphasized that courts should be reluctant to stall "the momentum of [a] lawsuit" that is in the advanced stages of litigation. *Id.* And while "'the timeliness requirement of Rule 24 should not be as strictly enforced [where intervention is of right] as in a case where intervention is only permissive,'" *Scardelletti v. Debarr*, 265 F.3d 195, 203 (4th Cir. 2001) (quoting *Brink v.*

---

[3] Pursuant to 12 U.S.C. § 4617(b)(2)(D)(ii).

4

*Da Lesio*, 667 F.2d 420, 428 (4th Cir. 1981)), *rev'd on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002), it remains a "cardinal consideration" that is applicable to both Rule 24(a) and Rule 24(b).[4] *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999); *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).

Objective timelines are only one component to be used when assessing the timeliness of a motion to intervene since each case charts its own unique course. What a court may consider timely in one suit may be untimely in another, even if the same amount of time has elapsed in both. As such, the determination of timeliness under Rule 24 "is committed to the sound discretion of the trial court," *Alt*, 758 F.3d at 591, which, in this regard, is "wide." *Gould*, 883 F.2d at 286; *see also NAACP v. New York*, 413 U.S. 345, 365–66 (1973) ("Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances.").

## IV. ANALYSIS

After assessing the **first** *Alt* factor—how far the underlying suit has progressed—the Court finds that this case has reached an advanced stage. The FHFA argues in its Memorandum in Support of its Motion to Intervene that the suit is still in its early stages because "[t]he parties have not yet filed motions for summary judgment and will not be

---

[4] Because it is a threshold requirement, most courts do not address the distinction between intervention of right and permissive intervention when dismissing motions to intervene for timeliness. *See e.g.*, *Scardelletti v. Debarr*, 265 F.3d 195(4th Cir. 2001); *Communs. Elec. Indus., LLC v. Cooper (In re CEI, LLC)*, Docket No. 1:15-cv-00172, 2016 WL 3556606 (W.D. N.C. June 29, 2016); *Woodruff v. Thornsbury*, Civ. Action No. 2:13-24001, 2014 WL 6088399 (S.D. W.V. Nov. 13, 2014). However, courts have dismissed motions on that basis even when the movant, as in this case, has explicitly alleged a right to intervene under Rule 24(a). *See e.g., Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838 (4th Cir. 1999); *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, Case No. 2:06-cv-0745, 2009 WL 633192 (S.D. Ohio March 5, 2009).

5

required to do so until October 17, 2016." (Mem. in Supp. of Mot. to Intervene 6.) To bolster its position, the movant cites to *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012), where this Court held that "[w]here a case has not progressed beyond the initial pleading stage, a motion to intervene is timely." However, the underlying circumstances in *Virginia* are readily distinguishable from those in this suit.

In *Virginia*, the Court found that the motion to intervene was filed in a timely manner because "[t]he United States filed its Complaint on January 26, 2012 [, and] [t]he Petitioners filed their motion on March 2, 2012—before the initial pleading stage had finished." 282 F.R.D. at 405. In other words, the petitioners waited a little over *one* month to file their motion to intervene, which was well *before* the Court ruled on a dispositive motion in that case. The Plaintiff in this suit filed her Complaint on March 11, 2016. (ECF No. 1.) Unlike the petitioners in *Virginia*, the movant waited nearly *six* months to file its Motion to Intervene (ECF No. 59) on September 2, 2016, almost one month *after* the Court ruled on the Motion to Dismiss (ECF No. 58) on August 9, 2016. The six months that elapsed between the filing of the Initial Complaint in this case and the FHFA's Motion to Intervene, alone, are not dispositive in assessing how far this case has progressed. *See Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1479 (11th Cir. 1993) ("'absolute measures of timeliness,' such as . . . 'the amount of time that may have elapsed since the institution of the action' are not to be relied upon") (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977)). However, the deadlines that are now pressing upon the Court and the parties are determinative.

6

The deadline to serve written discovery in this case expired one week after the movant filed its Motion to Intervene, and discovery is slated to close less than two weeks after this Order is entered. (ECF No. 19.) Expert deadlines have come and gone. *See* Local Civil Rule 26(D)(2). And, perhaps most significantly, the trial is scheduled for December 5, 2016 (ECF No. 34), which is merely two months away. Therefore, regardless of the fact that neither party has moved for summary judgment, the case has clearly progressed to its later stages.

The FHFA argues in its Reply that the impending close of discovery and trial date are "of little relevance because FHFA's intervention will not require additional discovery." (Reply in Supp. of to Intervene 5.) In support of this assertion, the movant cites to several cases, the most persuasive of which is *White-Spunner Constr., Inc. v. Zurich Am. Ins. Co.*, Civ. Action No. 10-0158, 2011 WL 773230 (S.D. Ala. Feb. 28, 2011). In that suit, the trial court found that "allowing intervention should not unduly delay or prejudice the adjudication of the original parties' rights," even though discovery had closed, in part, because the intervenor did not request to engage in any discovery. *Id.* at *3. But, a significant factor in the *White-Spunner* court's determination, conspicuously omitted by the FHFA in their Reply, was that the proposed intervenor *also* did not request to submit its own dispositive motions. *Id.* (noting that allowing intervention at the late stage of the law suit might delay or prejudice the parties were the proposed intervenor "permitted to . . . submit its own dispositive motions"). In contrast, the movant in this case has sought to assert statutory defenses in a Rule 12(c) Motion for Judgment on the

7

Pleadings, which it intends to file should it be granted the right to intervene. (Mem. in Supp. of Mot. to Intervene 9–10.)

Therefore, the Court finds that this case has progressed to its advanced stages in light of the impending close of discovery and looming trial date.[5] This finding weighs heavily against intervention.

When considering the **second** *Alt* factor—the prejudice that any resulting delay granting the FHFA's Motion to Intervene might cause Plaintiff[6]—the Court is aware of the Fourth Circuit's direction that this is the most important factor in determining whether a motion to intervene is timely. *See Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980); *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F. Supp. 2d 508, 514 (E.D. Va. 2000). With this in mind, the Court finds that allowing the movant's intervention would be prejudicial to the Plaintiff.

In its Memorandum in Support of its Motion to Intervene, the FHFA argues that its intervention "will not cause any delay that will prejudice other parties because the case has not moved beyond the pleadings stage and it will not be necessary to alter the

---

[5] Other trial courts have made similar determinations. *See, e.g., Caterino v. Barry*, 922 F.2d 37 (1st Cir. 1990) (affirming the trial court's denial of a motion to intervene, in part, because the motion was made after the close of discovery and three months before trial); *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000) (holding that the trial court did not abuse its discretion by denying a motion to intervene filed less than seven months after the complaint, two months after discovery closed, and almost two months before the deadline for filing dispositive motions); *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, Civ. No. 11-1132, 2012 WL 12841485, at *3n.4 (D.N.M. Dec. 3, 2012) (R&R later adopted by the trial court in 2013 WL 11955288 denying a motion to intervene where "only a little over 30 days remained before discovery closed. The motion to intervene was not briefed until just days before discovery closed."); *United States v. E. Shoshone Tribe*, Civ. No. 10-CV-093, 2010 WL 11435111, at *3 (D. Wyo. Dec. 15, 2010) (holding that an intervenor "fail[ed] to adequately demonstrate timeliness" because it "was very likely aware of the proceedings since the lawsuit's inception . . . . [but] waited until the late stages of discovery to file its motion").

[6] The Defendant consents to the movant's attempt to join this lawsuit. (Mem. in Supp. of Mot. to Intervene 1.) Therefore, the Court gives no weight to any potential prejudice that it may face.

8

schedule for motions for summary judgment or trial." (Mem. in Supp. of Mot. to Intervene 6.) As discussed above, however, the Court finds that this case is in its advanced stages, even though motions for summary judgment have not been filed. In light of this finding, the issue must be examined more closely.

The FHFA has made clear in both its Memorandum in Support of its Motion to Intervene and its Reply that, if granted the right to intervene, it intends to assert defenses under 12 U.S.C. § 4617(j), which provides that "in any case in which the Agency is acting as a conservator . . . [t]he Agency shall not be liable for any amounts in the nature of penalties or fines . . . ." The movant expects "to argue that certain relief that Plaintiff seeks is 'in the nature of penalties' and that such relief cannot be imposed on Fannie Mae during conservatorship because this would render FHFA as Conservator 'liable.'" (Reply in Supp. of Mot. to Intervene 3.) The FHFA asserts that this is a purely legal question of statutory interpretation that will not require discovery. (Reply in Supp. of Mot. to Intervene 3.) The FHFA cites to several cases where courts have reached a similar conclusion in support of this position. *See, e.g., Fed. Hous. Fin. Agency v. City of Chicago*, 962 F. Supp. 2d 1044, 1055 (N.D. Ill. 2013); *Mwangi v. Fed. Nat'l Mortg. Ass'n*, No. 4:14-CV-79, 2015 WL 12434327 (N.D. Ga. Mar. 9, 2015).[7]

The movant notes that, while its defense under 12 U.S.C. § 4617(j) is only one of the eighteen affirmative defenses that it included in its proposed answer, (Mem. in Supp. of Mot. to Intervene App. A), the remaining seventeen defenses are the same as those

---

[7] Significantly, the *Mwangi* court also found that the Federal National Mortgage Association was not subject to punitive damages under the same statute—without the FHFA's intervention in the case—because it is under the conservatorship of the FHFA. *Mwangi*, 2015 WL 12434327 at *4.

9

initially made by the Defendant. (Reply in Supp. of Mot. to Intervene 4.) Therefore, the FHFA argues, there will be no need for any additional discovery. Moreover, the FHFA alleges that it "does not believe that it has any discoverable information anyway. . . . [b]ased on its current understanding of the case." (Reply in Mot. to Intervene 4–5.)

However, the FHFA's "belie[f]" that it does not have any discoverable information does not negate the Plaintiff's right to seek discovery and reach that conclusion on her own. As neither the FHFA nor any of its employees were disclosed as potential witnesses, Plaintiff has not yet had an opportunity to seek discovery from them. Consequently, the Court would have to modify its scheduling order, extend discovery, and postpone the deadline for motions for summary judgment and the trial date in order to accommodate the FHFA's intervention at this late stage in the proceedings. *See Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013) (holding that motions to intervene can have "profound implications" for courts' trial management tasks due to additional parties complicating even routine matters). Moreover, if its Motion to Intervene is granted, the FHFA's "understanding of the case" may change,[8] and it could assert further defenses not contemplated by the parties during the discovery period.

Therefore, the Court finds that granting the FHFA's Motion to Intervene would prejudice the Plaintiff, which weighs even more against allowing the proposed intervention.

---

[8] The movant seems to have contemplated this in its proposed eighteenth affirmative defense: The "FHFA gives notice that it intends to rely upon such other defenses as may become available at law or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its answer and assert such defenses." (Mem. in Supp. of Mot. to Intervene Ex. A, 17).

10

Finally, upon assessing the **third** *Alt* factor—why the movant was tardy in filing its motion—the Court finds that the FHFA's excuse is not compelling for allowing it to intervene at this late stage in the suit. In its Memorandum in Support of its Motion to Intervene, the FHFA freely admits that, while it was aware of the underlying case, it "chose not to expend its own or the Court's resources on an intervention motion until the Motion to Dismiss was resolved."[9] (Mem. in Supp. of Mot. to Intervene 7.) In other words, the movant "admits that it gambled and lost in the execution of its litigation strategy" by waiting until the Court ruled on the earlier Motion. *Alt*, 758 at 591. The Fourth Circuit has noted under analogous circumstances that "such deliberate forbearance . . . engenders little sympathy." *Id.*

In an attempt to resuscitate its explanation for tardiness in its Reply, the movant cites to *Nationwide Prop. & Cas. Ins. Co. v. Jacobsen*, Civ. Action No. 7:14-0516, 2015 WL 4207201, at *2 (W.D. Va. July 10, 2015) (holding that intervention was timely even though the proposed intervenor did not provide a reason for his delay in moving to intervene because his intervention would neither "derail the process or prejudice plaintiffs"), in arguing that "the reasons for the timing of intervention are of minimal importance" when late intervention would nether cause prejudice nor delay litigation. (Reply in Supp. of Mot. to Intervene 6–7.) However, even if the Court had not already found that the FHFA's intervention would cause prejudice to the Plaintiff, to take the view espoused by the movant would be to eliminate one of the three factors articulated by

---

[9] It is of note that, while the movant blames the Plaintiff for being the source of this delay, see *supra* note 1, the FHFA offers no excuse for why it waited two weeks after the Court ruled on the Motion to Dismiss on August 9, 2016, to inform Plaintiff's counsel of its intent to intervene on August 26, 2016.

11

the Fourth Circuit in *Alt* solely because it went against the FHFA's position. The Court does not have the authority to remove enumerated factors on its own accord because a moving party disfavors them.

Therefore, the Court finds that the FHFA knew of the underlying litigation and intentionally delayed in raising suspected violations of its rights because it hoped that the case would be resolved in the earlier Motion to Dismiss. Consequently, the Court concludes that the movant "tarr[ied] at [its] own peril" and lost, thereby slumbering on its right to intervene. *Blue Water Baltimore v. Mayor & City Council of Baltimore, Md.*, 583 F. App'x 157, 158 (4th Cir. 2014).

## V. CONCLUSION

For the preceding reasons, the Court finds that, while the movant has a right to intervene in this case, it failed to meet the timeliness requirement of Fed. R. Civ. P. 24.

Therefore, the FHFA's Motion to Intervene (ECF No. 59) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 29, 2016
Richmond, Virginia